1   AMY B. LAWRENCE, ESQ.- S.B. # 115874
2   LAWRENCE & ASSOCIATES
    Attorneys at Law
3   2550 Hollywood Way, Suite 202
    Burbank, California 91505
4   (818) 843-6442 (tel.)
5   (818) 566-7875 (fax)

6   Attorneys for Plaintiff, HEARST HOLDINGS, INC.,
    KING FEATURES SYNDICATE DIVISION, and
7   FLEISCHER STUDIOS, INC.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

                         CV08-06932 FMC   (JCx)

11  HEARST HOLDINGS, INC., KING          CASE NO.:
12  FEATURES SYNDICATE DIVISION, a
    Delaware corporation and FLEISCHER   COMPLAINT FOR:
13  STUDIOS, INC., a California corporation,
                                          (1) COPYRIGHT INFRINGEMENT
14                 Plaintiffs,                (17 U.S.C. §101 ET SEQ.);

15        vs.                             (2) VIOLATION OF LANHAM ACT
16                                            (15 U.S.C. §1051 ET SEQ.);

17  ROGER LALWANI aka RAJU T.            (3) UNFAIR COMPETITION
18  LALWANI dba SHIVAM                       (CAL. BUS. & PROF. CODE §17200
    INTERNATIONAL, INC., an individual;      ET SEQ.)
19  SHIVAM INTERNATIONAL, INC., a
    California corporation dba VISUSA, a
20  business entity, form unknown; HASSEN  DEMAND FOR JURY TRIAL
    HASSANZADEH dba FASHION AND
21  BODY JEWELRY, an individual;
    FASHION AND BODY JEWELRY, a
22  business entity, form unknown; SOO YONG
23  JUNG dba GRACE JEWELRY, an
    individual; GRACE JEWELRY, a business
24  entity, form unknown; TUNG GOR aka
    RANDY LEE dba ALLEGRO
25  ACCESSORIES, an individual; ALLEGRO
26  ACCESSORIES, a business entity, form
    unknown; NANCY FELS dba STINKIE4, an
27  individual; STINKIE4, a business entity,
    form unknown; JULIE TATE dba
28  BELAJEWELZ, an individual;
    BELAJEWELZ, a business entity, form

                              1
COMPLAINT FOR COPYRIGHT INFRINGEMENT-VIOLATION OF LANHAM ACT-UNFAIR COMPETITION

unknown; SUNG SOO LEE dba T ISLAND, )
an individual; T ISLAND, a business entity, )
form unknown; )
and DOES 1 through 10, inclusive, )
)
        Defendants. )
_____ )

Plaintiffs, HEARST HOLDINGS, INC., KING FEATURES SYNDICATE DIVISION, a

Delaware corporation and FLEISHER STUDIOS, INC., a California corporation, complain and

allege as follows:

## JURISDICTION

1.    These claims arise under the Copyright Act of 1976, 17 USC §101 *et seq.* (the

"Copyright Act"), the Lanham Trademark Act of 1946, 15 USC §1051 *et seq.* (the "Lanham

Act"), and state statutory and common-law of unfair competition. This Court has subject matter

jurisdiction pursuant to 15 USC §1121, 17 USC §101 *et seq.*, 28 USC §§1331, 1338, and the law

of supplemental jurisdiction (28 USC §1367).

## VENUE

2.    Venue is vested in this Court pursuant to 28 USC §§1391(b), 1392(a), 1400(a),

and in that the asserted claims arose within this district and in the state of California, and in that

these Defendants, or their agents, conduct business, reside or may be found within this district

and in the state of California.

## PARTIES

3.    Plaintiff The Hearst Corporation, King Features Syndicate Division, ("King

Features") is a corporation duly organized and existed under the laws of the state of Delaware,

having its principal place of business in New York, New York.

4.    Plaintiff Fleischer Studios, Inc. ("Fleischer") is a corporation duly organized and

existing under the laws of the state of California, having its principal place of business in the

County of Los Angeles. Fleischer is principally owned by the heirs of Max Fleischer. Max

Fleischer, a principal of a previous Fleischer Studios, Inc., was the creator of famous cartoon

characters, including the well-known fictional character "BETTY BOOP."

5.    Plaintiffs are informed and believe, and thereupon allege, that at all times relevant

hereto:

    5.1)   Defendant Does 1-3, inclusive, are the manufacturers, importers, and/or primary distributors of all of the "infringing Betty Boop merchandise" described in paragraph twenty-one hereinbelow;

    5.2)   Defendant Shivam International, Inc., a California corporation dba Visusa with a principal place of business at 315 N. Noami Street, Burbank, California, 91505, in Los Angeles County;

    5.3)   Defendant Roger Lalwani aka Raju T. Lalwani, is an individual residing in the State of California and this District, and along with Defendant Doe 4, inclusive, are and were officers, directors, owners, agents or partners of Shivam International, Inc., who is doing business under the name Visusa, at 315 N. Noami Street, Burbank, California, 91505, in Los Angeles County;

    5.4)   Defendant Fashion and Body Jewelry, a business entity, form unknown, with a principal place of business at 10 Thunder Run, #24H, Irvine, California, 92614, in Orange County;

    5.5)   Defendant Hassen Hassanzadeh, is an individual residing in the State of California, and along with Defendant Doe 5, inclusive, are and were officers, directors, owners, agents or partners of Fashion and Body Jewelry, who is doing business under the name Fashion and Body Jewelry, at 10 Thunder Run, #24H, Irvine, California, 92614, in Orange County;

    5.6)   Defendant Grace Jewelry, a business entity, form unknown, with a principal place of business at 1440 S. Anaheim Blvd., G 18-20, Anaheim, California, 92805, in Orange County;

    5.7)   Defendant Soo Yong Jung, is an individual residing in the State of California, and along with Defendant Doe 6, inclusive, are and were officers, directors, owners, agents or partners of Grace Jewelry, who is doing business under the name Grace Jewelry, at 1440 S. Anaheim Blvd., G 18-20, Anaheim, California, 92805, in Orange County;

    5.8)   Defendant Allegro Accessories, is a business entity, form unknown, with a principal place of business at 210 E. Olympic Blvd., #108, Los Angeles, California, 90015, in Los Angeles County;

1   5.9) Defendant Tung Gor aka Randy Lee, an individual residing in the State of

2 California, and along with Defendant Doe 7, inclusive, are and were officers, directors, owners,

3 agents or partners of Allegro Accessories, who is doing business under the name Allegro

4 Accessories, at 210 E. Olympic Blvd., #108, Los Angeles, California, 90015, in Los Angeles

5 County;

6   5.10) Defendant Stinkie4, is a business entity, form unknown, with a principal place of

7 business at 1134 Federal Way, Toms River, New Jersey, 08253, in Ocean County;

8   5.11) Defendant Nancy Fels, an individual residing in the State of New Jersey, and

9 along with Defendant Doe 8, inclusive, are and were officers, directors, owners, agents or

10 partners of Stinkie4, who is doing business under the name Stinkie4, at 1134 Federal Way, Toms

11 River, New Jersey, 08253, in Ocean County;

12   5.12) Defendant Belajewelz, a business entity, form unknown, with a principal place of

13 business at 1607 Sadlers Wells Ct., Herndon, Virginia, 20170, in Fairfax County;

14   5.13) Defendant Julie Tate, an individual residing in the State of Virginia, and along

15 with Defendant Doe 9, inclusive, are and were officers, directors, owners, agents or partners of

16 Belajewelz, who is doing business under the name Belajewelz, at 1607 Sadlers Wells Ct.,

17 Herndon, Virginia, 20170, in Fairfax County;

18   5.14) Defendant T Island, a business entity, form unknown, with a principal place of

19 business at 6655 Hollywood Blvd., Los Angeles, California, 90028, in Los Angeles County;

20   5.15) Defendant Sung Soo Lee, an individual residing in the State of California, and

21 along with Defendant Doe 10, inclusive, are and were officers, directors, owners, agents or

22 partners of T Island, who is doing business under the name T Island, at 6655 Hollywood Blvd.,

23 Los Angeles, California, 90028, in Los Angeles County;

24     Plaintiff is informed and believes that Defendant Does 4-10, inclusive,

25 participated in, aided, abetted, and ratified the infringing acts complained of below;

26   6.2) Each of the Defendants referred to hereinabove is and was carrying out the

27 activities complained of herein in this District;

28   6.3) Persons and entities as yet unidentified (the "Doe Defendants") are and were

1    assisting, aiding and abetting the named Defendants in carrying out the activities complained of

2    herein, as manufacturers, printers, agents, employees, wholesalers, retailers, distributors, buyers,

3    sellers, and/or co-conspirators.

4

5                       **GENERAL ALLEGATIONS**

6        7.     Max Fleischer created the character BETTY BOOP. Depicted in a series of

7    popular cartoons that were theatrically released through the 1930's and in drawings, cartoon

8    strips, and otherwise, BETTY BOOP was the first distinctly feminine animated star and became

9    famous for her unique appearance, quirky and coquettish cheerfulness, innocent sensuality, and

10    "Boop Oop A Doop" personality.

11        8.     A recognizable variation of the image of BETTY BOOP first appeared in the

12    Fleischer Studios' Talkartoon "Dizzy Dishes" in 1930. In 1931 the character was first named

13    "Betty," and first appeared in a form virtually identical to the one wrongfully used by the

14    Defendants herein in the Fleischer Studios' Talkartoon "Silly Scandals" and a group of drawings

15    entitled "Betty, Cartoon Character." The character was first identified as "BETTY BOOP" in the

16    Fleischer Studios' Talkartoon entitled "Minding the Baby" in 1931, and the name BETTY

17    BOOP" was used above or in the title of a number of Talkartoons thereafter. Subtle variations in

18    the appearance of the character were subsequently made in 1931 and 1932, with the character

19    first appearing in its final form in the Fleischer Studios' Talkartoon "Betty Boop for President"

20    and the booklet of drawings entitled "Betty Boop and Her Gang."

21        9.     Copyright registrations were obtained for all of the above-described works as

22    follows:

23

| Title | Original Registration No., Date and Registrant | Renewal Registration No., Date and Registrant |
|---|---|---|
| "Dizzy Dishes" | MP:1792 08/09/1930 Paramount Publix Corp. ("Paramount") | R:198400 08/30/1957 U.M. & M. TV Corp. ("UM&M") |
| "Silly Scandals" | MP:2564 05/23/1931 Paramount | R:219234 08/01/1958 UM&M |

| "Betty, Cartoon Character" | AA:73229 | R241400 |
|---|---|---|
| | 07/01/1931 | 06/25/1959 |
| | Fleischer Studios | Max Fleischer |
| "Minding the Baby" | MP:2813 | R:227468 |
| | 09/26/1931 | 12/30/1958 |
| | Paramount | UM&M |
| "Betty Boop For President" | MP:3629 | R:246323 |
| | 11/02/1932 | 11/10/1959 |
| | Paramount | UM&M |
| "Betty Boop and Her Gang" | AA:111104 | R:247925 |
| | 12/19/1932 | 12/28/1959 |
| | Fleischer Studios (attached | Max Fleischer (attached |
| | hereto as Exhibit 1) | hereto as Exhibit 2) |

10.     Fleischer owns the copyrights in "Betty, Cartoon Character" and "Betty Boop and Her Gang," ("The Book") and owns all legal and/or beneficial title to all copyright and trademark rights in and to the character BETTY BOOP as she is depicted in the above-described works and all other works produced by Fleischer Studios and registered for copyright by Paramount and its successors and assigns. The cartoon characters, the artwork, distinctive phrases and other creative elements contained in the Book are individually and collectively protected under the copyright laws of the United States, including the Copyright Act. (Said characters, artwork, trademarks, service marks, distinctive phrases and other creative elements incorporated or associated with the Book will hereinafter collectively be referred to as the "the Betty Boop Properties.")

11.     After their theatrical run, the above-described BETTY BOOP cartoons were released in syndication throughout the United States beginning in the 1950's. They have regularly appeared on television for decades. BETTY BOOP also has appeared as a guest star in motion pictures, on television specials, in television advertisements, and in an extensive range of licensed merchandise that has been widely distributed for decades. She has endured as one of the best-known and most beloved animated characters in the United States for over 75 years.

12.     King Features is engaged in the business of producing and distributing cartoon features and characters in the merchandising business and providing entertainment services throughout the United States and the world.

13.     On July 31, 1986, Fleischer entered into an agreement with King Features, which

1   agreement remains in force at this time, granting King Features the sole and exclusive right to

2   reproduce, distribute and/or license the Betty Boop Properties for the purpose of generating,

3   negotiating, licensing, and promoting business opportunities in the merchandising business of the

4   Betty Boop Properties in the United States and throughout the world.  At all times relevant

5   hereto, King Features is still the holder of the right to reproduce, distribute and/or license the

6   Betty Boop Properties.

7        14.    The design, configuration and distinctive features of the Betty Boop Properties are

8   wholly original with Fleischer and constitute copyrightable subject matter under the Copyright

9   Act.

10       15.    King Features has been engaged in the business of commercially exploiting the

11  Betty Boop Properties throughout the United States, and has entered into and maintains

12  numerous merchandise and publishing licenses which result in the manufacture and sale of

13  different products featuring the Betty Boop Properties, including toys, apparel, accessories,

14  stationery, greeting cards, mugs, gift wrap, party goods, collectibles, jewelry, watches, and

15  numerous other products. These products are manufactured under strict quality control and style

16  approval.

17       16.    The products licensed to King Features by Fleischer have become and are well

18  known to the American public, and products bearing the Betty Boop Properties have generated

19  wide consumer appeal. The characters and likenesses sold under the copyrights and trademarks

20  described above have generated gross sales of goods and services in the millions of dollars.

21       17.    As a result of the above-described actions, the name BETTY BOOP and images

22  of BETTY BOOP possess a valuable goodwill and are well known to the public as identifying

23  products and services which are authorized by Fleischer and its exclusive licensing agent.

24  Fleischer possess common law trademark rights in the name and image of BETTY BOOP for this

25  reason.   Further, the U.S. Patent & Trademark Office has granted four federal trademark

26  registrations for the name BETTY BOOP for a wide array of merchandise as follows:

27

28

| Registered Mark | Registration No. | Registration Date |
|---|---|---|
| BETTY BOOP | 2430642 | 02/27/2001 |
| BETTY BOOP | 2378474 | 08/22/2000 |
| BETTY BOOP | 2374258 | 08/08/2000 |
| BETTY BOOP | 2392715 | 07/18/2000 |

18.     Pursuant to King Features' licensing agreements, the authorized licensees have manufactured merchandise featuring the Betty Boop Properties to which proper copyright notices have been affixed in every case, have secured King Features' approval on such products and have distributed hundreds of thousands of such products to retail consumers. None of the Defendants named herein have been granted any licensing rights, or other permission, by Plaintiffs with respect to the Book or the Betty Boop Properties.

## FIRST CLAIM OF RELIEF

### (Copyright Infringement)

19.     Plaintiffs hereby reallege and incorporate herein by this reference the allegations of paragraphs 1 through 18, inclusive, as set forth above.

20.     This claim arises under the Copyright Act of 1976, 17 USC §101 *et seq.*

21.     Plaintiffs are informed and believe and on that basis allege that each of the Defendants has infringed and threatens to further infringe upon one or more of the Plaintiffs' copyrighted Betty Boop Properties by offering for sale and selling, marketing, promoting, displaying, copying, preparing derivative works, and distributing, in this judicial district, in the state of California and elsewhere, certain items and merchandise, including but not limited to novelty items, T-shirts, head bands, other wearing apparel, key chains, magnets, hand bags, jewelry, etc. which incorporate representations, simulations and unauthorized copies of the copyrighted Book, its characters, artwork and other distinctive elements (collectively referred to herein as the "Infringing Betty Boop Merchandise"), all without the consent of the Plaintiffs or any of their authorized licensees.

22.    The advertising and display, for sale or otherwise, of the Infringing Betty Boop Merchandise by Defendants constitutes unauthorized public display of Plaintiffs' copyrighted Betty Boop Properties in violation of Plaintiffs' exclusive rights pursuant to 17 USC §106(5). The marketing of the Infringing Betty Boop Merchandise by the Defendants constitutes an unauthorized distribution of copies of Plaintiffs' copyrighted Betty Boop Properties in violation of Plaintiffs' exclusive rights pursuant to 17 USC §106(3). The copying of the Betty Boop Properties constitutes an unauthorized reproduction in violation of Plaintiffs' exclusive rights pursuant to 17 USC §106(1). The creation of derivative work from the Betty Boop Properties constitutes an unauthorized preparation of derivative work based upon the copyrighted work in violation of Plaintiffs' exclusive rights pursuant to 17 USC §106(2).

23.    Plaintiffs are informed and believe and on that basis allege that the Defendants' infringement of Plaintiffs' copyrighted Betty Boop Properties has been and continues to be carried out with the Defendants' full knowledge that such elements are protected by copyright. In doing the acts complained of herein, the Defendants have willfully and intentionally infringed Plaintiffs' copyrights in the Book and the Betty Boop Properties.

24.    Plaintiffs have suffered and continue to suffer irreparable harm and injury as a result of the aforesaid infringing acts of the Defendants and Plaintiffs are without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiffs will be required to pursue a multiplicity of actions.

25.    Plaintiffs have sustained damage as a result of the Defendants' wrongful acts as hereinabove alleged. Plaintiffs are presently unable to ascertain the full extent of the money damages they have suffered by reason of said infringing acts, and reserve the right to seek leave to amend this Complaint when such damages have been determined, but on information and belief such damages exceed $100,000.

26.    Plaintiffs are informed and believe and on that basis allege that the Defendants have obtained gains, profits, and advantages as a result of their infringing acts as hereinabove alleged. Plaintiffs are presently unable to ascertain the full extent of the gains, profits and advantages said Defendants have obtained by reason of their infringing acts, but reserve the right

1   to seek leave to amend this Complaint when such profits have been determined, but on

2   information and belief such gains, profits and advantages exceed $100,000. In order to determine

3   the full extent of such damages, including such profits of the Defendants as may be recoverable

4   under 17 USC §504, Plaintiffs will require an accounting from each Defendant of all monies

5   generated from their infringing acts. In the alternative, Plaintiffs may elect to recover for each of

6   its copyrighted works infringed statutory damages pursuant to 17 USC §504(c).

7

8                          **SECOND CLAIM FOR RELIEF**

9                      (Violation Of Lanham Trademark Act of 1946)

10      27.    Plaintiffs hereby reallege and incorporate herein by this reference the allegations

11   of paragraphs 1 through 26, inclusive, as set forth above.

12      28.    This claim arises under the Lanham Trademark Act of 1946, 15 USC §1051 *et*

13   *seq.*, particularly under 15 USC §1125(a and c).

14      29.    Plaintiffs own all right, title and interest in and to, and hold the exclusive rights to

15   market and sell merchandise featuring the Betty Boop Properties, and all elements thereof.

16      30.    Plaintiffs and their licensees, prior to the acts of Defendants complained of herein,

17   have continuously marketed, promoted, displayed, offered or sale and sold in this judicial district,

18   in the state of California and elsewhere various products having the distinctive features of the

19   Betty Boop Properties. Due to the extensive public exposure of the copyrighted characters of

20   *Betty Boop and Her Gang* through television, advertising, publicity in electronic and print media,

21   and the high profile exploitation, sale and distribution of authorized merchandise, the distinctive

22   features of the characters of *Betty Boop and Her Gang*, and the Betty Boop Properties, have

23   become widely recognized to the purchasing public as designating high quality products

24   associated with the Plaintiffs or their licensees. As such, they have developed a secondary and

25   distinctive meaning among the public. By virtue of the extensive advertising, media exposure,

26   sales and public acceptance of the characters of *Betty Boop and Her Gang*, the distinctive

27   features of the characters of the Book have come to symbolize the goodwill of Plaintiffs and their

28   licensees.

31.     Without permission, authority or license from Plaintiffs or their licensees, the Defendants have been marketing, promoting, displaying, offering for sale, distributing and selling in this district, the state of California and elsewhere merchandise bearing the likeness of one or more of the characters of the Book and the Betty Boop Properties and/or the designation "Betty Boop." This Infringing Betty Boop Merchandise is intended to deceive and is likely to deceive the public into believing they are purchasing genuine and authorized *Betty Boop and Her Gang* products. The Defendants' Infringing Betty Boop Merchandise is not Plaintiffs' merchandise and does not originate from or have the approval of any person or entity which has the right to reproduce Plaintiffs' copyrighted characters or use any of Plaintiffs' trademarks.

32.     The Defendants' conduct as hereinabove alleged has confused, and is likely to confuse, the public and constitutes a false designation of origin and a false description or representation.

33.     The Infringing Betty Boop Merchandise which is being marketed, promoted, displayed, offered for sale and sold and distributed by these Defendants is of inferior quality and workmanship as compared to the analogous legitimate products being manufactured and distributed by Plaintiffs and their authorized licensees. The marketing, promotion, display, offering for sale and sale and distribution of such merchandise by Defendants damages and dilutes the goodwill and reputation of Plaintiffs and also interferes with and reduces sales of legitimate merchandise by Plaintiffs' authorized licensees.

34.     Plaintiffs have suffered and continue to suffer irreparable harm and injury as a result of the aforesaid infringing acts of the Defendants, and Plaintiffs are without an adequate remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiffs will be required to pursue a multiplicity of actions.

35.     Plaintiffs have sustained damage as a result of the Defendants' wrongful acts as hereinabove alleged. Plaintiffs are presently unable to ascertain the full extent of the money damages they have suffered by reason of said acts of unfair competition, and reserve the right to seek leave to amend this Complaint when such damages have been determined, but on information and belief such damages exceed in the aggregate $100,000.

36.     Plaintiffs are informed and believe and on that basis allege that the Defendants have obtained gains, profits, and advantages as a result of their acts of unfair competition as hereinabove alleged. Plaintiffs are presently unable to ascertain the full extent of the gains, profits and advantages said Defendants have obtained by reason of their aforesaid wrongful acts, but reserve the right to seek leave to amend this Complaint when such profits have been determined, but on information and belief such gains, profits and advantages exceed in the aggregate $100,000. In order to determine the full extent of such damages, including such profits of the Defendants as may be recoverable under 15 USC §1117(a), Plaintiffs will require an accounting from each Defendant of all monies generated from their infringing acts. In the alternative, Plaintiffs may elect to recover for each of its infringed works statutory damages pursuant to 17 USC §1117(b and c).

## THIRD CLAIM FOR RELIEF

### (Unfair Competition)

37.     Plaintiffs hereby reallege and incorporate herein by this reference the allegations of paragraphs 1 through 36, inclusive, as set forth above.

38.     This claim arises under the common law and statutory law of this State relating to trademark infringement and unfair competition.

39.     The Infringing Betty Boop Merchandise distributed and sold by the Defendants is calculated to and is likely to confuse, deceive and mislead purchasers into believing that such merchandise originates with or is authorized by Plaintiffs or by Plaintiffs' authorized licensees.

40.     Plaintiffs are informed and believe and on that basis allege that the Defendants, with full knowledge of the notoriety and popularity of *Betty Boop and Her Gang* characters, intended to and have traded on the goodwill associated with said copyrights and trademarks in order to arrogate to themselves the economic benefit of the goodwill associated with the Betty Boop Properties and distinctive elements created by Plaintiffs, [in violation of Business and Professions Code §17200 *et. seq.*]

41.     The Defendants' acts as alleged above constitute unfair competition, palming off, unjust enrichment, dilution and misappropriation of Plaintiffs' rights and will, unless enjoined by

1   this Court, result in the destruction and/or diversion of Plaintiffs' goodwill in *Betty Boop and*

2   *Her Gang* (including the valuable property rights therein) and in the unjust enrichment of the

3   Defendants.

4        42.    By reason of the aforesaid, the continued passing off by the Defendants of

5   Infringing Betty Boop Merchandise as if such merchandise originated with or was authorized by

6   Plaintiffs has caused, and unless enjoined will continue to cause, serious and irreparable injury to

7   Plaintiffs.

8        43.    Plaintiffs are informed and believe and on that basis allege that the Defendants

9   have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully,

10  wantonly and oppressively, with the express intent to injure Plaintiffs in their business.

11       44.    Plaintiffs have suffered and continue to suffer irreparable harm and injury as a

12  result of the aforesaid infringing acts of the Defendants, and Plaintiffs are without an adequate

13  remedy at law, in that damages are extremely difficult to ascertain and, unless injunctive relief is

14  granted as prayed for herein, Plaintiffs will be required to pursue a multiplicity of actions.

15       45.    Plaintiffs have sustained damage as a result of the Defendants' wrongful acts as

16  hereinabove alleged. Plaintiffs are presently unable to ascertain the full extent of the money

17  damages they have suffered by reason of said acts of unfair competition, and reserve the right to

18  seek leave to amend this Complaint when such damages have been determined, but on

19  information and belief such damages exceed in the aggregate $100,000.

20       46.    Plaintiffs are informed and believe and on that basis allege that the Defendants

21  have obtained gains, profits, and advantages as a result of their acts of unfair competition as

22  hereinabove alleged. Plaintiffs are presently unable to ascertain the full extent of the gains,

23  profits and advantages said Defendants have obtained by reason of their aforesaid wrongful acts,

24  but reserve the right to seek leave to amend this Complaint when such profits have been

25  determined, but on information and belief such gains, profits and advantages exceed in the

26  aggregate $100,000.

27

28

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs demand judgment against Defendants, and each of them, as follows:

1.      Permanently enjoining and restraining Defendants, their respective officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

1.1)    Further violating any of the exclusive rights of Plaintiffs in the copyrighted *Betty Boop and Her Gang*, including its artwork, characters and/or other distinctive elements, and including the importation, reproduction, preparation, display, marketing, promoting, copying, offering for sale, sale or distribution of any and all of Defendants' Infringing Betty Boop Merchandise;

1.2)    Further infringing upon Plaintiffs' rights under copyright by importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Plaintiffs bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' copyrighted *Betty Boop and Her Gang*, including its artwork, characters and/or other distinctive elements;

1.3)    Manufacturing, distributing, advertising, promoting, marketing, holding out for sale and/or selling any merchandise bearing or using Plaintiffs' trademark "Betty Boop" and/or "Betty Boop and Her Gang", or any colorable imitation thereof;

1.4)    Directly or indirectly applying or using on merchandise or using in connection with the manufacture, sale, distribution, marketing or promoting thereof Plaintiffs' trademark "Betty Boop and Her Gang" or its copyrighted *Betty Boop and Her Gang*, including artwork, characters, other distinctive elements, or any marks, emblems, logos, decals or terms which in any way imitate or simulate Plaintiffs' trademark or the copyrighted elements thereof;

1.5)    Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' copyrights in connection with the promotion, advertisement, display, promotion, marketing, sale, offering for sale, manufacture, production, circulation or distribution of any

Infringing Betty Boop Merchandise in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiffs;

1.6) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner associated or connected with Plaintiffs or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

1.7) Engaging in any other activity constituting unfair competition with Plaintiffs or its licensees, or constituting an infringement of any of Plaintiffs' copyrights or of Plaintiffs' rights in, or rights to use or to exploit, said copyrights, or constituting any dilution of Plaintiffs' names, reputation or goodwill;

1.8) Engaging in any acts or activities directly or indirectly calculated to trade upon or injure the reputation or the goodwill of Plaintiffs or their licensees or in any manner to compete unfairly with Plaintiffs or their licensees by appropriating the distinctive features of the copyrighted *Betty Boop and Her Gang*, including artwork, characters and/or other distinctive elements;

1.9) Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs 1.1 through 1.8 hereinabove; and

1.10) Secreting, destroying, altering, removing or otherwise dealing with Infringing Betty Boop Merchandise or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offering for sale, advertising, promoting or displaying of by Defendants any Infringing Betty Boop Merchandise.

2. Directing that Defendants deliver for impoundment:

2.1) All Infringing Betty Boop Merchandise, including T-shirts, sweatshirts, labels, boxes, signs, novelty items, prints, packages, dyes, wrappers, receptacles, advertisements and any other such goods or merchandise in Defendants' possession, custody or control bearing any

1    counterfeit, copy or substantially similar designations or representations of the characters,

2    likenesses, logos, artwork, trademarks or copyrights associated with *Betty Boop and Her Gang*;

3    and

4        2.2)    All plates, molds, matrices, heat transfers, printing, embroidering, silk-screening

5    or other apparatus or equipment utilized in making said Infringing Betty Boop Merchandise and

6    all other means of making any counterfeits or infringing marks, copies of or substantially

7    indistinguishable designations or representations associated with any of the items set forth in

8    subparagraph 2.1 hereinabove.

9        3.    Directing such other relief as the Court may deem appropriate to prevent the trade

10   and public from deriving any erroneous impression that any products manufactured, sold or

11   otherwise circulated or promoted by Defendants are authorized by Plaintiffs or related in any way

12   to Plaintiffs' products.

13       4.    Ordering an accounting of and entering judgment against each Defendant for:

14       4.1)    All profits received by any of the Defendants from the sale of Infringing Betty

15   Boop Merchandise, as provided by 15 USC §§1114, 1117(a) and 17 USC § 504(b);

16       4.2)    All damages suffered by Plaintiffs or their licensees as a result of any of

17   Defendants' copyright infringements, as provided by 15 USC §§1114, 1117(a) and 17 USC

18   §504(b);

19       4.3)    In the alternative, at the election of Plaintiffs, statutory damages separately against

20   each Defendant, in an amount up to $150,000 per copyright, as a result of copyright infringement

21   for each copyrighted work infringed by such Defendant, as provided for in 17 USC §504(c)(1 and

22   2);

23       4.4)    In the alternative, at the election of Plaintiffs, statutory damages separately against

24   each Defendant in an amount up to $1,000,000 as a result of trademark infringement per

25   counterfeit mark per type of goods or services sold, offered for sale or distributed by such

26   Defendant, as provided for in 15 USC §1117(c);

27       4.5)    In the alternative, all profits received by any of the Defendants and all damages

28   sustained by Plaintiffs or its licensees on account of Defendants' trademark infringement and

unfair competition; and furthermore, that such profits and damages as found herein be trebled, as provided by 15 USC §1117(b).

     5.     Awarding Plaintiffs punitive damages of not less than $100,000.

     6.     Awarding Plaintiffs their costs in this action, including reasonable attorneys' and investigative fees, in an amount not less than $75,000, as provided in 15 USC §1117(a and b) and 17 USC §505.

     7.     Directing that the Court retains jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

     8.     Awarding to Plaintiffs such other and further relief as the Court may deem just and proper.

DATED:  October _7_, 2008

                                 AMY B. LAWRENCE, ESQ.
                                 LAWRENCE & ASSOCIATES

                                 By:
                                 Amy B. Lawrence
                                 Attorneys for Plaintiff
                                 HEARST HOLDINGS, INC., KING
                                 FEATURES SYNDICATE DIVISION
                                 and FLEISHER STUDIOS, INC.

1

## **DEMAND FOR JURY TRIAL**

2

3

       Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff hereby demands a trial by jury

4

of all issues so triable.

5

6

DATED: October ___, 2008

7

                                      AMY B. LAWRENCE, ESQ.

8

                                      LAWRENCE & ASSOCIATES

9

10

                                      By:

11

                                      Amy B. Lawrence

12

                                      Attorneys for Plaintiff

                                      HEARST HOLDINGS, INC., KING

13

                                      FEATURES SYNDICATE

                                      DIVISION and FLEISHER

14

                                      STUDIOS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28



*LIBRARY OF CONGRESS*

*Copyright Office*
*of the United States*

*WASHINGTON. D.C.*

## ADDITIONAL CERTIFICATE OF REGISTRATION
## OF A CLAIM TO COPYRIGHT



THIS IS TO CERTIFY THAT THE STATE-
MENTS SET FORTH IN THE ATTACHED
HAVE BEEN MADE A PART OF THE
RECORDS OF THE COPYRIGHT OFFICE
WITH CLAIM OF COPYRIGHT REGIS-
TERED UNDER NUMBER
AA 111104

IN TESTIMONY WHEREOF,
THE SEAL OF THIS OFFICE IS
AFFIXED HERETO ON

June 25, 1986

REGISTER OF COPYRIGHTS
United States of America
REGISTER OF COPYRIGHTS

C-731 October 1982-III,000

APPLICATION          FOR COPYRIGHT          A7
FOR BOOK NOW FIRST PUBLISHED          AND PRODUCED IN THE UNITED
STATES BY OTHER PROCESS THAN TYPE SETTING

*REGISTER OF COPYRIGHTS*, Washington, D. C.          Date _____
    Of the BOOK named herein TWO complete copies of the best edition *FIRST PUBLISHED* on the
date stated herein are herewith deposited to secure copyright registration, accompanied by an AFFI-
DAVIT that the book has been printed or produced in the United States as required by the Act of March
4, 1909, as amended July 3, 1926. A statutory fee for registration and certificate is also inclosed. The
copyright is claimed by

(1) Name of copyright owner __Fleischer Studios Inc.__
                                ( Write full legal name of copyright owner)
(2) Address __1600 Broadway__       __New York__       __N.Y.__
              (Street)                  (City)            (State)
(3) Name of author or translator _____
(4) Country of which the author is a citizen __U.S.A.__
                                              (MUST be stated)
(5) If an alien author, state where domiciled in the United States _____
(6) Title of book __Betty Boop and Her Gang/__

_____ COPIES RECEIVED   JAN -6 1933 _____

| | |
|---|---|
| Fleischer studios, inc.*  A7 | Received DEC 19 1932 |
| Betty Boop and her gang. | Application rec'd DEC 19 1932 |
| | Affidavit rec'd DEC 19 1932 |
| Fee rec'd $ | ©CIA A 111104 |

IMPORTANT. Applicant must not write in the blank lines above; to do so will cause delay in Copyright Office.

KKB
(7) Published on the __15__ day of __December__ 1932
    (State here the day, month, and year when the work was placed on sale, sold, or publicly distributed.
     Must agree with the date stated in the affidavit on reverse side.)
(8) Send certificate of registration to __Fulton Brylawski,__
__1331  G St. N.W.__       __Washington__       __D.C.__
    (Street)                  (City)              (State)
(9) Name and address of person sending the fee _____
R. 247925                      _____ RECEIVED DEC 19 1932 _____
R. 25-29
    (Street)          (City)          (State)    Fill out affidavit on reverse side,
*If the work is a translation, state name and citizenship,   of the translator, in lieu of that of the author.

This affidavit is for use for works covered by the amendatory Act of July 1, 1935.

# AFFIDAVIT

A7

IMPORTANT   The execution of this affidavit must be subsequent to the publication of the book, and MUST be made by an individual (an official of a corporation or firm may act).

State of __Washington__
County of __Dist. of Columbia__ } ss:

I, __Fulton Brylawski__ { being duly sworn, depose } { do solemnly affirm }

and say: That I am { (1) the person claiming copyright in
(2) the duly authorized agent or representative residing in
the United States of the claimant of copyright in } the book named

(Of the lines numbered (1) and (2) above, use the one which applies, and cross out the line not used)

herein; I further depose and say that the book, of which two copies have been deposited, entitled

__Betty Boop and Her Gang__

has been manufactured in the United States as required by the Act of March 4, 1909, as amended July 1, 1936, by a process other than those enumerated in Section 15 of said Act and that the said book WAS PUBLISHED as the law requires on the __15__ day of __December__ 19 __32__

_____
(Signature of person making affidavit)

Subscribed and { sworn to
affirmed } before me this __16__ day of __December__ 19 __32__

NOTARIAL SEAL
(Copyright law makes use of
notarial seal obligatory.)

_____
(Signature of Notary Public) D.C.

(July, 1932—5,000.)

U. S. GOVERNMENT PRINTING OFFICE, 1932





*LIBRARY OF CONGRESS*

*Copyright Office*
*of the United States*

*WASHINGTON, D.C.*

ADDITIONAL CERTIFICATE OF REGISTRATION
OF A CLAIM TO COPYRIGHT



THIS IS TO CERTIFY THAT THE STATE-
MENTS SET FORTH IN THE ATTACHED
HAVE BEEN MADE A PART OF THE
RECORDS OF THE COPYRIGHT OFFICE
WITH CLAIM OF COPYRIGHT REGIS-
TERED UNDER NUMBER
R  247925

IN TESTIMONY WHEREOF,
THE SEAL OF THIS OFFICE IS
AFFIXED HERETO ON

June 25, 1986

REGISTER OF COPYRIGHTS
United States of America
REGISTER OF COPYRIGHTS

C-731 October 1982-20,000

# Application for Registration of a Claim to Renewal Copyright

REGISTRATION NO.

R    247025

DO NOT WRITE HERE

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be signed at line 5. For further information, see page 3.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington 25, D. C., together with the registration fee of $2. Make your remittance payable to the Register of Copyrights.

1. **Renewal Claimant(s), Address(es), and Statement of Claim:** Give the full name(s) and mailing address(es) of the claimant(s) of the renewal copyright. State the statutory category of each renewal claimant. It must be one of the categories described on page 4.

(a) Name ... Mr. Max Fleischer

Address ... 666 West End Ave., New York 25, N.Y.

Claiming as ... The Author

(Use the appropriate statement appearing on page 4)

(b) Name .....................

Address .....................

Claiming as .....................

(c) Name .....................

Address .....................

Claiming as .....................

2. (a) **Title:** Give the full title of the work. In the case of music give specific instrumentation.

Betty Boop And Her Gang -- Cartoon Characters

(b) **Renewable Matter:** If the work was a new version of a previous work, renewal may be claimed only in the new matter. If this work was a new version, state in general the new matter (e. g., translation, editing, illustrations, translation, etc.) upon which copyright was claimed.

(c) **Contribution to Periodical or Other Composite Work:** If the work was a contribution, give the title of the periodical or composite work in which it was published.

If a periodical, give: Vol. ............... No. ......... Date ..........

3. **Authors of Renewable Matter:** Give the names of all authors who contributed copyrightable matter to this version, but not the names of authors of previous versions.

Max Fleischer

4. **Facts of Original Registration:** The facts given here must agree with the Copyright Office records of the original registration.

Original registration number: Class AA ... No. 111104 13,

If registered is published, give date of publication ... December 17, 1932
(Month, day, and year)

If registered is unpublished, give date of registration ...
(Month, day, and year)

Original copyright claimant ... Fleischer Studios, Inc.
(Name of claimant in original registration)

Complete all applicable spaces on next page.

6. Name and address of person or organization to whom correspondence or refund, if any, should be sent:

Name ______________________ Address ______________________

7. Send certificate to:

(Type or print name and address)

Name: Mr. Max Fleischer

Address: 666 West End Ave. Apt. 11-J
(Number and street)

New York 25, N.Y.
(City) (Zone) (State)

8. Certification: (NOTE: Application not acceptable unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

______________________
(Signature)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request.

Class A — Form A—Published book manufactured in the United States of America.

Class A or B — Form A-B Foreign—Book or periodical manufactured outside the United States of America (except works subject to the ad interim provisions of the copyright law).
Form A-B Ad Interim—Book or periodical in the English language manufactured and first published outside the United States of America.

Class B — Form B—Periodical manufactured in the United States of America.
Form BB—Contribution to a periodical manufactured in the United States of America.

Class C — Form C—Lecture or similar production prepared for oral delivery.

Class D — Form D—Dramatic or dramatico-musical composition.

Class E — Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America.
Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of America and which was not first published in the United States of America.

Class F — Form F—Map.

Class G — Form G—Work of art or a model or design for a work of art.

Class H — Form H—Reproduction of a work of art.

Class I — Form I—Drawing or plastic work of a scientific or technical character.

Class J — Form J—Photograph.

Class K — Form K—Print or pictorial illustration.
Form KK—Print or label used for an article of merchandise.

Class L or M — Form L-M—Motion Picture.

Form R—Renewal copyright.

Form U—Notice of use of copyrighted music on mechanical instruments.

FOR COPYRIGHT OFFICE USE ONLY

Application received: DEC 28 1959

Received by Copyright Office [illegible]

Fee received:

90467 DEC28'59